## NATHAN BEMIS *vs.* TRUMAN CHARLES.

Where in a suit to recover pay for goods sold, the plaintiff offers a witness whom the defendant proves that the plaintiff has declared to be jointly interested with him in the goods, a release to the plaintiff, by the witness, of all his interest in the goods, renders him a competent witness for the plaintiff.

A notice to a party to produce a paper in his possession is sufficient to authorize the admission of parol evidence of the contents thereof, if such notice be so framed that the party cannot doubt what paper is meant.

A. sold and delivered lumber to B., no price being mentioned, under an agreement that it should be applied by B. towards payment of a debt due to him from A. for goods sold and delivered, and that the amount thereof should be deducted from such debt, on a settlement of accounts between the parties. B. afterwards sued A. for goods sold, and A. filed in offset his account against B. for the lumber. B. resisted the offset, and A. thereupon, by leave of court, withdrew his said account, and B. took judgment for the full amount of his claim against A. *Held*, that A. might well maintain indebitatus assumpsit against B. to recover pay for the lumber.

INDEBITATUS ASSUMPSIT to recover pay for a quantity of lumber specified in a bill of particulars filed in the case.

At the trial, in the court of common pleas, before *Cummins,* J. the plaintiff offered N. Bemis, Jr. his son, as a witness, who was rejected by the judge, on the defendant's giving evidence of the plaintiff's declarations that he *and his said son* furnished the defendant with the lumber sued for. The son thereupon executed a release of all his interest in said lumber, and was admitted and examined (the defendant objecting) as a witness for the plaintiff.

In the course of the trial, a witness, who was called by the plaintiff, was asked if the defendant had exhibited to him a bill in which the lumber now in question was charged by the defend ant to the witness. The defendant objected to inquiring of the witness as to the contents of a paper which the defendant had not received notice to produce. The plaintiff then exhibited the following written notice which had been given to the defendant : " To Truman Charles. Upon the trial of the action, Nathan Bemis against you, the plaintiff hereby gives you notice to produce the account or memorandum, kept by you or your clerk, of boards, clapboards, and other lumber, delivered by the plaintiff or his son Nathan Bemis, Jr. at or near your store 'n

Spencer, in the year 1835, for building the dwellinghouse of James Oldham. Nathan Bemis, by his attorney, I. M. Barton. March 4, 1840." The witness stated that the paper presented to him by the defendant contained, in addition to the lumber furnished by the plaintiff, "a store account" which the defendant had against the witness, and also charges for other lumber. The judge thereupon permitted the plaintiff to inquire of the witness as to the particulars of the account on said paper.

It appeared that in the autumn of 1834, the plaintiff was indebted to the defendant on an account for goods sold, to the amount of about $90; and there was evidence tending to prove that in the same year the defendant purchased of the plaintiff the lumber in question, under an agreement that it should be applied to the payment of what the plaintiff owed him on said account, and that on a settlement of the same, the amount of the lumber should be deducted therefrom. Such settlement was never made; and on the 17th of November, 1838, the defendant commenced an action against the plaintiff to recover said account for goods sold. In that action, the present plaintiff filed his said account for lumber in offset, and brought into court a small sum for the balance against him upon the accounts between the parties. At the trial of said action, the allowance of the account thus filed in offset was resisted by the present defendant, and thereupon, as it appeared that the money brought into court was not sufficient to meet the balance of accounts, the present plaintiff obtained leave to withdraw, and did withdraw, his account so filed in offset. The present defendant then took judgment for the full amount of his account for goods sold, and that judgment has been satisfied.

On these facts, the defendant contended that this action could not be maintained, as the lumber had been delivered in payment or part payment, for said goods sold. But the judge ruled that said lumber could not be regarded as delivered in payment of the account for said goods; that the agreement to make such application of the lumber, on settlement, was executory; and that, as the defendant had refused to allow such application thereof, the plaintiff might well maintain this action.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the aforesaid rulings of the judge.

*Washburn*, for the defendant. The plaintiff's son was not a competent witness, notwithstanding the release. He ought to have been a party to the suit. 1 Stark. Ev. 84. 3 Stark. Ev. 1061. *Simons* v. *Smith*, Ry. & Mood. 29. *Hall* v. *Cecil*, 6 Bing. 181. *Evans* v. *Yeatherd*, 2 Bing. 133. The notice to the defendant to produce the plaintiff's bill was not such as warranted the admission of parol evidence of its contents. Roscoe on Ev. 5. Indebitatus assumpsit will not lie in this case, as the evidence shows a special contract. Besides, the plaintiff's claim for the lumber had, on a previous · occasion, been before the court, and the disposition then made of it is a bar to his recovery. *Smith* v. *Whiting*, 11 Mass. 445. *Loring* v. *Mansfield*, 17 Mass. 394. *Homer* v. *Fish*, 1 Pick. 435. *Whitcomb* v. *Williams*, 4 Pick. 231. See also *Bilbie* v. *Lumley*, 2 East, 469. *Marriott* v. *Hampton*, 7 T. R. 269. *Wilby* v. *Harris*, 13 Mass. 496.

*C. Allen* and *Barton*, for the plaintiff. The release rendered the plaintiff's son a competent witness. 1 Phil. Ev. Part I. c. 5, § 8. The jury have decided that the plaintiff and his son were not jointly interested, by finding a verdict for the plaintiff. · If they had been jointly interested, the non-joinder of the son would have availed the defendant on the general issue. *Baker* v. *Jewell*, 6 Mass. 460. *Converse* v. *Symmes*, 10 Mass. 377. The notice to the defendant to produce the bill was sufficient. No particular form of notice is necessary. It is sufficient, if it be intelligible to the party. Howe's Pract. 228.

The agreement that the lumber should be taken by the defendant in payment was clearly executory only, as no price was agreed on, and it was to be adjusted on a settlement. It was treated by the parties as a set-off. *Sargent* v. *Southgate*, 5 Pick. 319. *Evans* v. *Prosser*, 3 T. R. 186. The defendant has elected not to consider the lumber as delivered in payment ; and he had a right so to do, as it was not valued by the parties, nor in fact received in payment. *Buddicum* v. *Kirk*, 3 Cranch, 293. *Howe* v. *Mackay*, 5 Pick. 46. An executory accord is

of no avail. *Watkinson* v. *Inglesby*, 5 Johns. 392. The plaintiff withdrew his account from the files, in the former action, by leave of court, and the judgment in that case, therefore, in no way affects his present right to recover. See *Wheeler* v. *Board*, 12 Johns. 363. *Griggs* v. *Austin*, 3 Pick. 20. *Fowler* v. *Shearer*, 7 Mass. 14. *Rowe* v. *Smith*, 16 Mass. 306. *Lazell* v. *Miller*, 15 Mass. 207.

WILDE, J.    At the trial of this cause in the court of common pleas, an objection was made to the competency of a witness offered by the plaintiff, on the ground that the witness had, jointly with the plaintiff, furnished the lumber sued for. The witness thereupon executed a release of all interest in the lumber, and was then permitted to testify. It is still objected that he was interested in the event of the suit, as he would be liable for contribution for costs, in case the defendant should recover judgment. But this ground of objection is removed by the release. The witness, after giving the release, had no longer any interest in the subject matter of the action. He could claim no part of the damages, if the plaintiff should recover, nor would he be liable to contribution for costs, if the defendant should recover. The action is not prosecuted for his benefit, but solely for the benefit of the plaintiff.

The defendant's counsel object also to the admission of parol evidence to prove the contents of a bill of lumber in his possession, because there had been no sufficient notice to him to produce it. The notice does not describe the bill with perfect accuracy ; but we think it impossible for the defendant to have doubted as to what bill of lumber was intended. It does not appear, nor is it suggested, that there is any other bill of lumber in which the plaintiff has any interest, excepting the one the contents of which were proved at the trial. We think therefore that the notice was sufficient, and that the parol testimony was rightly admitted.

The last and principal exception, on which the defendant relies, relates to the instructions of the court to the jury. They were instructed, that upon the facts proved, the lumber sued for could not be regarded as delivered in payment of the defend-

ant's account against the plaintiff: That the agreement to make such application of the lumber on settlement being executory, and the defendant having refused to allow such application, the plaintiff might maintain this action.

These instructions we think are fully sustained by the evidence. The agreement was certainly executory, and was to be execute I on the settlement of the accounts between the parties. No such settlement has ever been made, and the defendant refused to allow the lumber to be applied to the reduction of his demand against the plaintiff. The price of the lumber was not agreed upon. This was left to be ascertained at the settlement. These circumstances clearly prove that the agreement under which the lumber was delivered was executory, and that the execution of it has been prevented by the defendant. It cannot therefore be set up by him in bar of the plaintiff's claim. That agreement must now be considered as waived by both parties, and consequently the plaintiff may well maintain his action on an implied assumpsit.

*Exceptions overruled.*